## IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRIT COURT OF NEW YORK

**1:19-cv-00288-JBW**

### IN RE: ANGELO EFTHIMIATOS,
Petitioner, *pro se*

### EMERGENCY MOTION FOR A WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. §2241

NOW COMES ANGELO EFTHIMIATOS (hereinafter Petitioner, Angelo, I, me), to respectfully move this Court for habeas relief under 28 U.S.C. §2241 and to secure my immediate release from Brooklyn MDC where I am currently in transit from a prison in Vermont where I have been held for nine months on my way to Iowa for an alleged probation violation that amounts to a traffic-ticket type violation. In support, Petitioner states as follows:

### A. PERSONAL INFORMATION

1.  My name is Angelo Efthimiatos. I have never used any other names.

2.  I am currently incarcerated at Brooklyn MDC. My Fed. Reg. number is 13900-030.

3.  I am currently in custody pursuant to federal authority.

4.  I have been held without bail for nine months for a non-felony that I did not commit.

### B. GROUNDS FOR MY RELIEF IN THIS PETITION

5.  I am being held in maximum security in Brooklyn MDC in violation of my Constitutional rights and laws of the United States based on the false claim that I flew an airplane from Vermont to Massachusetts without my Airman's Certificate being in force. The Government Agents knew this allegation to be false, but they needed to cover up for the fact that the DEA Agents posed as FAA Agents at a small Vermont Airport, unlawfully seized and searched me, and then they searched the plane without a warrant and found no contraband or passengers in the



1

plane. However, a print out from the FAA shows my Airman's Certificate was still in force. See print out from FAA computer showing Airman's Certificate in force attached as Exhibit One.

6.     Therefore, because the DEA Agents had to manufacture a fake crime to cover up their unlawful search and seizure and accused me of flying without an Airman's Certificate, which they knew to be false, I have been held without bail for a misdemeanor violation that I did not knowingly commit. See Vermont Complaint attached as Exhibit Two.

7.     Within two days of my arrest in Vermont of the phony charges, the Judge in Iowa issued a warrant for my arrest on April 12, 2018 that was immediately executed because I was already under arrest in Vermont. See Iowa Arrest Warrant attached as Exhibit Three. Shortly thereafter, I was indicted in Vermont and the Complaint was dismissed. See Vermont Indictment attached as Exhibit Four.

8.     Despite the fact that I was not a flight risk or a danger to the community, I was held without bail for eight months between my arrest on April 10, 2018 and my trial for a "traffic-ticket" type violation on December 7-8, 2018 simply because the Iowa Judge told the AUSA's in Vermont to keep me incarcerated regardless of the fact that both sets of prosecutors knew I had a disabled wife, a special needs daughter, and a Vermont farmhouse that needed a lot of work.

9.     Moreover, the Canadian student, Nishal Sankat, who was caught red-handed on September 20, 2018 trying to steal a 737 from the Orlando-Melbourne Airport, received a sentence of only 12 days and a $900 fine. In my case, I was unlawfully seized and searched without a warrant (violation of the Fourth Amendment); deprived of my liberty without Due Process (violation of Fifth Amendment); denied a Speedy Trial (violation of Sixth Amendment); and denied bail (violation of Eighth Amendment). And, as I am being shipped out to Iowa for

flying between Vermont and Massachusetts, that would be yet another Constitutional violation of the Venue Clause of the Sixth Amendment.

## C.     THIS PETITION REQUIRES IMMEDIATE ACTION

10.     This is truly an emergency because the only reason that I am in Brooklyn MDC is because I am being shipped out from Vermont to Iowa via Brooklyn MDC and Oklahoma City, and because of the Government Shutdown I have been kept in Maximum Security at Brooklyn MDC and unable to be in touch with my disabled wife or anyone else. My wife had to track me from Vermont, to Berlin New Hampshire, to Brooklyn MDC.

11.     I realize with the Government Shutdown, that it will be difficult for this Court to act quickly, but it is urgent that the Court grant my 2241 Writ of Habeas Corpus before I am shipped out to Iowa for another non-crime that I did not commit.

12.     My purpose for doing this 2241 Petitioner as an "Emergency Petition" is because of the famous petition for a Writ of Habeas Corpus is *Ex Parte Merryman*, 17 F. Cas. 144 (1861), which was executed during the early days of the Civil War. My hope is that if Chief Justice Roger B. Taney could hear and order a Writ of Habeas Corpus in two days during the Civil War, hopefully this Court can do the same during a Government Shutdown as Chief Justice Taney did during wartime.

13.     In *Merryman*, there was also an indication of the need for urgency in hearing, answering and returning a petition for a Writ of Habeas Corpus. The Petition was filed by John Merryman on May 25, 1861, and was heard by then Chief Justice Roger B. Taney the next day, and a Writ of Habeas Corpus was issued on the 26th of May, 1861, commanding that the "body be produced" on the following day, the 27th of May, 1861. This demonstrates the alacrity of proceeding with Habeas Corpus, when this "writ of right" is sought as an urgent remedy, so that

the matter can have proper hearing by the judiciary as expeditiously as possible. It was heard only by Justice Taney, not the entire Court, and he acted on the Writ immediately.

14.     Even today, the venerable Writ serves a valuable purpose, and Section §2241 states "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The statute provides no insight into how the determination as to how the "Supreme Court, and justice thereof, the district courts and any circuit judge" is made. Absent some criteria, it would appear that this is within the discretion of the person filing. This is supported by Rules of the Supreme Court of the United States", specifically, Rule 22.1, which states:

> An application addressed to an individual Justice shall be filed with the Clerk, who will transmit it promptly to the Justice concerned if an individual Justice has authority to grant the relief sought.

15.     "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (citing *Chambers v. United States,* 106 F.3d 472, 474-75 (2d Cir. 1997) and *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 5 (2d Cir. 1991)). A prisoner in federal custody or awaiting trial for a violation of federal law may seek a writ of habeas corpus. 28 U.S.C. §2241(c)(1)-(3). 28 U.S.C. §2243 also provides that "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." If the Statute provides for an issuance of the writ (if warranted), "forthwith" (immediately, as was the case in *Merryman*), then how can justice be served if the matter, after being accepted by the Clerk, is docketed to some future date

for consideration?  Therefore, Petitioner respectfully asks this Court to act as quickly as possible, and issue the Writ of Habeas Corpus forthwith without delay, considering the problem with the Government shutdown and the fact that an innocent man is being held in maximum security at Brooklyn MDC as if he were to be sent out to Iowa as a UPS package rather than an American citizen entitled to Due Process under the Constitution.

## D. THE GOVERNMENT'S VIOLATION OF 18 U.S.C. §3161(j)

16.     Dismissal of an indictment for the Government's violation of §3161(j) is rare, and in fact it has happened in only one case in the Second Circuit, *United States v. Benatta*, 2003 WL 22202371 (W.D.N.Y. 2003), despite the holdings in cases such as *United States v. Lainez-Leiva*, 129 F.3d 89 (2d Cir. 1997) where the Court recognized a Due Process violation, but it was not sufficient enough to dismiss the indictment.  The reason that the dismissal of the indictment in *Benatta* is so important to Angelo's case is that the defendant in *Benatta* was suspected by the FBI of being one of the 9-11 terrorists caught at the Canadian Border, and was held from at Brooklyn MDC from the time of his indictment (December 12, 2001) to his release to the Immigration Court at the Batavia Federal Detention Facility on April 30, 2002, a delay of only four and a half months.  While Angelo, of course, after being held for nine months in Vermont, now respectfully moves this Court to not only grant the Writ of Habeas Corpus but to also dismiss the Vermont indictment and Iowa Arrest Warrant in this case as the court did in *Benatta* pursuant to Rule 48(b) of the Fed.R.Crim.P. which provides:

> The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
> (1) presenting a charge to a grand jury;
> (2) filing an information against a defendant; or
> (3) bringing a defendant to trial

17.     Rule 48(b) not only allows a court to dismiss an indictment on constitutional grounds, but also where the delay may not be of the constitutional magnitude of this case – a court can still dismiss an indictment pursuant to Rule 48(b). *See, e.g., Pollard v. United States*, 352 U.S. 354, 361 n. 7 (1957) ((noting that Rule 48(b) provides for enforcement of the Sixth Amendment's speedy-trial right), but it also restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude, *see* Fed.R.Crim.P. 48(b) Advisory Committee Note (pointing out that the rule restates 'inherent power of the court to dismiss a case for want of prosecution').

18.     Similarly, this is the rare case where both sections §3161(j) and §3164 come into play. Section 3164 was violated in Iowa and Vermont because both Government attorneys required Angelo to be imprisoned for more than 90 days for a traffic ticket while awaiting his trial. The Government also knowingly postponed Angelo's trial just so it could exercise such pointless tasks like requesting a search warrant for Angelo's phone, where, of course, nothing incriminating was found. The Due Process Delay bullet that the Government attorneys in Iowa and Vermont cannot dodge, though, is §3161(j)(1), (2), and (3), which provide as follows:

> (j)(1) If the attorney for the government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly –

> (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

> 2. If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the government who caused the detainer to be filed.

> 3. Upon receipt of such notice, the attorney for the government shall promptly seek to obtain the presence of the prisoner for trial.

19.     Suffice it to say, the AUSA's in Iowa and Vermont were in constant contact, and neither set of Government attorneys sent a detainer pursuant to §3161(j) or informed Angelo of his rights under §3164 to have a trial within 90 days. Not only were the traditional 30 and 70 day Speedy Trial Act rules broken, the rules under §3161(j) and §3164 were clearly violated as well, with the knowledge of both Judges and all of the Government's attorneys in Vermont and Iowa.

20.     Therefore, this Petition for a Writ of Habeas Corpus should be granted forthwith before the Petitioner is sent from Brooklyn MDC to Iowa for a traffic-ticket misdemeanor that the Petitioner did not commit.

### E.     ASKING FOR IMMEDIATE RELEASE BECAUSE I AM BEING HELD IN VIOLATION OF MY CONSTITUTONAL RIGHTS

25.     Mr. Efthimiatos hereby respectfully submits this Petition for a Writ of Habeas Corpus for the obvious violations of the Speedy Trial Act with the Arrest Warrant in Iowa and the Indictment in Vermont. Moreover, the Petitioner was recently tried before a jury in Vermont in a two-day jury trial where he was found guilty of the sole charge of flying without an Airman's Certificate. Despite the obvious Double Jeopardy implications of this fact, the Petitioner is being arraigned later this month based on the Iowa Arrest Warrant of April 12, 2018 in Iowa. At this time, the Petitioner is being sent out to Iowa for a crime that he did not commit, even after the fact that he has been through a jury trial in Vermont on the exact same charges. Moreover, it was revealed during the Petitioner's jury trial that the Government Agents in this case, who were DEA Agents posing as FAA ramp agents, unlawfully seized and searched the Petitioner's plane and did not find any contraband or other passengers, and therefore had to manufacture a fake claim against Petitioner to support the unlawful arrest. The DEA Agents were also caught lying and tampering with witnesses before the trial, along with other serious violations of the law and the Due Process Clause. So, Petitioner has been separated from his family for nine months now

for a non-felony that he did not commit, and the Government attorneys in both Vermont and Iowa have been in constant communication, and both sets of attorneys have violated the clear mandates of the Speedy Trial Act in both districts. Clearly, Venue would not be appropriate in the District of Iowa for a simple traffic violation in the District of Vermont of flying from Vermont to Massachusetts and back in the same day.

26.    Furthermore, well over 1,000 people in New York and New England have died from the Opioid Crisis since these two DEA Agents waited up all night to conduct an unlawful search and seizure of a small plane in a small Vermont airport claiming they were FAA Agents instead of being out in the field stopping the influx of Opioids from Canada and Mexico. Therefore, because of the Government's obvious prejudice against Petitioner, Mr. Efthimiatos, on behalf of his family, needs to file this Petition in the hopes that this Court will grant this Petitioner and order his immediate release from Brooklyn MDC.

27.    The facts of this case are very clear, and have been stated at the Eighth Circuit and District Court filings in Vermont. On April 10, 2018, certain DEA Agents were unlawfully tracking and unlawfully seized, detained, and searched Petitioner and his plane without any search warrant or probable cause. The DEA Agents said that they were doing a simple "ramp check," which is usually done by FAA officials and not DEA Agents, but they searched Angelo's plane and did not find any drugs or other illegalities. The DEA Agents arrested Angelo, and for lack of anything better, they accused him of flying without an Airman's Certificate. Furthermore, recent documents show that not only did the DEA know that Angelo was flying legitimately, they knew and have known that his licenses have been in good standing since before the arrest, thus making the arrest and this unwarranted and illegal detention all the more a violation of the Fourth and Fifth Amendments.

8

28.     To make matters worse, the DEA Agents that unlawfully seized, detained, searched, and then arrested Angelo knew two things: First, Angelo was not carrying any passengers (or any contraband), so he did not need an Airman's Certificate to fly himself; and Second, his Airman's Certificate was still in force and valid on the FAA Computer.  That means the DEA Agents arrested an innocent person for a non-crime that he did not commit, and these Agents knew he was innocent of flying without an Airman's Certificate.  More importantly, Angelo did not know that he was breaking the law, which is the cornerstone of American Jurisprudence.  *See, e.g.,* Justice Gorsuch in *United States v. Manatau*, 647 F.3d 1048 (10th Cir. 2011), *citing Morissette v. United States*, 342 U.S. 246 (1952):

> But it is equally true that American criminal law often restricts liability to cases where an intentional choice to do a wrong is present. As Justice Jackson explained, "[t]he contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil.... *Morissette* at 250. The simple fact is intent and knowledge are different things, different as a matter of their plain meaning, different in their treatment in modern American criminal law." *Manatau* at 1051.

Also, as the Supreme Court recently stated in *Marinello v. United States*, 138 S.Ct. 1101 (2018):

> "We wrote that we have traditionally exercised restraint in assessing the reach of a federal criminal statute, both out of deference to the prerogatives of Congress and out of concern that <u>a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed</u>. *McBoyle v. United States*, 283 U.S. 25, 27 (1931)." *Marinello* at 1106 (emphasis added).

29.     The use of Justice Oliver Wendell Holmes' description in *McBoyle* of knowing what Society will do to you when the "bright line" of the law is crossed is particularly appropriate for this case.  As the defendant in *McBoyle* literally stole an airplane but was charged under the Automobile Act as if he had stolen a car, in this case, Petitioner has been detained in maximum security prisons since April awaiting a delayed trial in December for a "traffic-ticket" type

violation of flying without an Airman's Certificate because of an unlawful arrest warrant pending in the district of Iowa since April. The defendant in *McBoyle*, menitioned in both *Morisette* and *Marinello*, literally stole a plane but had his conviction vacated because he did not know he was breaking the law. Similarly, Nishal Sankat, the Canadian student, was caught red-handed trying to steal a $120 million 737 and only spent 12 days in jail and was assessed a $900 fine. Also, Benatta was a pilot suspected of being a 9-11 Terrorist, but had his indictment dismissed for only half the time Angelo has been detained in maximum security prisons.

30.    Whereas the defendant in *McBoyle* clearly knew he was doing something wrong by **stealing** an airplane (just as the Canadian student Nishal Sankat knew that stealing a 737 would be against the law), Justice Holmes said that McBoyle did not have enough "fair warning" or "fair notice" that he was breaking the law. In Angelo's case, not only was he unaware that he was crossing any "bright line" or violating any law, as it turns out, he was not breaking any law at all and the DEA Agents knew it. Despite these overwhelming facts in his favor, Angelo is still being detained in a maximum security detention facility in Brooklyn without bail because of a prejudiced Judge in Iowa that wants to hurt Angelo and his family.

### F.  THE IOWA ARREST WARRANT SHOULD BE QUASHD AND DECLARED NULL AND VOID FOR VIOLATIONS OF THE SPEEDY TRIAL ACT

31.    The Speedy Trial Act clearly provides that the trial of an indicted defendant is to commence within 70 days from the date of filing of the indictment. See §3161(c)(1). This did not happen in Vermont (see Vermont docket attached as Exhibit Five).  From the time of arrest, the Government only has 30 days to file an indictment and have an appearance before a magistrate; none of this has happened on the Iowa docket (attached as Exhibit Six). The Act provides that various periods of time may be excluded from the 70-day calculation. §3161(h). But, none of those "excludable" time periods are listed on the Iowa docket.  Section 3162(a)(2)

provides that a defendant not brought to trial within the time allowed by §3161(c) is entitled to have the indictment (or arrest warrant) dismissed. The court may dismiss with prejudice or without. §3162(a)(2). The Speedy Trial Act sets out factors to be considered by the court in choosing between the two: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice. §3162(a)(2). Accordingly, the court's exercise of its discretion in selecting a dismissal with prejudice or a dismissal without prejudice must be reviewed with reference to the court's consideration of these factors.

32.     While there is no question that venue is improper in this case as nothing that Petitioner is accused of doing (flying a plane in Vermont without an Airman's Certificate), happened in the Southern District of Iowa, *see, e.g., United States v. Cabrales*, 524 U.S. 1 (1998), there is no reason to bring Angelo back to Iowa for a mere traffic violations, as he is being supervised in Vermont. Similarly, Angelo's attorneys did not bring up the blatant Speedy Trial violations in his first case. *See, e.g., Bloate v. United States*, 559 U.S. 196 (2010). Also, the Supreme Court has made it very clear that unless and until there is the "concurrence" of an evil meaning mind with an evil act, there is no crime. *See Morissette v. United States*, 342 U.S. 246, 251-52 (1952) ("Crime, as a compound concept, generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand," quoting Justice Holmes' famous observation that "[e]ven a dog distinguishes between being stumbled over and being kicked."). That has been called the cornerstone of American jurisprudence. *See, e.g., Elonis v. United States*, 135 S.Ct. 2001 (2015), *citing Liparota v. United States*, 471 U.S. 419, 427 (1985).

33.     Furthermore, the government has demonstrated its "truly neglectful" and "demonstrably lackadaisical attitude" to Petitioner's rights by continuing to violate his Constitutional right to a

Speedy Trial, as he did not sit in front of a jury until over eight months after being arrested and is now being shipped out to Iowa for another untimely proceeding. *See United States v. Taylor*, 487 U.S. 326, 338 (1988) (court may dismiss with prejudice in light of "truly neglectful attitude on the part of the Government"); *United States v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990) (court may dismiss with prejudice in light of prosecution's "demonstrably lackadaisical attitude"). There is actually no valid excludable time on either the Vermont (see Ex. Five) or Iowa (see Ex. Six) dockets because there has been no balancing test whatsoever as required by §3161(h)(7) and *United States v. Zedner*, 547 U.S. 489, 507 (2006) ("[n]o such period of delay...shall be excludable...unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.").

34.     Despite the passage of over 240 days since the Complaint, Arrest, and Initial Appearance in Vermont and over 270 days since the Arrest Warrant, there is no mention on the record of either docket for any exclusions of time under §3161(h)(7)(A), and nowhere in either record is there a mention of the *Zedner* "interests of justice" balancing test that is required for any exclusion of time. There have been no entries on the Iowa docket since the arrest warrant issued in April, resulting in several violations of the Speedy Trial Act under *Bloate*, *United States v. Tinklenberg*, 131 S.Ct. 2007 (2011), and *United States v. Dezeler*, 81 F.3d 86 (8th Cir. 1996), where the Eighth Circuit dismissed an indictment under the Speedy Trial Act for a simple violation of only **one** day.

35.     Mr. Efthimiatos not only qualifies for the granting of this Petition, but also for the quashing of his arrest warrant under the Speedy Trial Act because there has been no indictment within 30 days of arrest, no arraignment, and no trial within 70 days as well as no excludable

time on the docket, he also qualifies for the dismissal of his future indictment (if any) under the Fifth Amendment for Due Process violations (see *Betterman v. Montana*, 136 S.Ct. 1609 (2016)) and the Speedy Trial Clause of the Sixth Amendment. *See, e.g., United States v. Pennick*, 2016 WL 4089192 (W.D.N.Y. 2016). "Although unusual, it is possible for a delay that does not violate the [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." *See United States v. Green*, 2018 WL 786185 (W.D.N.Y. 2018), *citing Pennick* at *2, *aff'd* 713 Fed.Appx. 33 (2d Cir. 2017). The standard for both constitutional Speedy Trial Clause violations and Due Process Clause delay violations is *Barker v. Wingo*, 407 U.S. 514 (1972), and as the Second Circuit noted in *Pennick,* the defendant in *Barker* was detained for only ten months while awaiting trial, while Petitioner has already spent nine months in prison for a non-felony that he did not knowingly commit as required by *Marinello, Morissette,* and *McBoyle*.

36.     Mr. Efthimiatos has been held without bail for nine months for what amounts to a minor traffic ticket violation; this is longer than the defendant in *Dezeler* was held in total. The DEA Agents who unlawfully seized, detained, and unlawfully searched Mr. Efthimiatos's airplane, found no drugs and did not have jurisdiction to do the FAA's job. Mr. Efthimiatos was not flying any passengers either, which means he does not need an Airman's Certificate. But, to cover up their unlawful acts, they created a crime where none existed and arrested Mr. Efthimiatos for flying without his Airman's Certificate. Surprisingly, five months after Mr. Efthimiatos was arrested, the DEA Agents recently wanted to examine his iPhone. This is clearly unconstitutional based on the Supreme Court's decisions in *Riley v. California*, 134 S. Ct. 2473 (2014), *United States v. Wurie*, 134 S. Ct. 999 (2014). The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "If the government violates this constitutional right, the criminal charges

must be dismissed." *See, e.g., United States v. Dowdell*, 595 F.3d 50, 60 (1st Cir. 2010), *citing Strunk v. United States*, 412 U.S. 434, 439-40 (1973).

37.     The Speedy Trial guarantee of the Sixth Amendment encompasses more than simply ensuring a speedy "trial." Rather, it was designed by the Framers, in part, "to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, *and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges*." *United States v. Loud Hawk*, 474 U.S. 302, 311 (1986) (emphasis added). *See, also, United States v. Ewell*, 383 U.S. 116, 120 (1966) (Sixth Amendment guarantee of a speedy trial "is an important safeguard," *to minimize anxiety and concern accompanying public accusation* and to limit the possibilities that long delay *will impair the ability of an accused to defend himself*") (emphasis added). As the Supreme Court stated in a unanimous decision dismissing the indictment of a convicted killer, Rocky Moore:

> Moreover, prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible prejudice to his defense in those proceedings. Inordinate delay, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. These factors are more serious for some than for others, but they are inevitably present in every case to some extent, for every defendant will either be incarcerated pending trial or on bail subject to substantial restrictions on his liberty. *Moore v. Arizona*, 414 U.S. 25, 27 (1973), *citing United States v. Marion*, 404 U.S. 307, 320-21 (1971).

38.     This Court should grant this Emergency Petition for a Writ of Mandamus because the threefold violations of the Speedy Trial Act in both the District of Vermont as well as the District of Iowa along with the violations of the Speedy Trial Clause and the Due Process Clause of the Constitution cannot be ignored. Clearly the crime here is not serious, the delay is all the Government's fault, and the prejudice to Petitioner and his family is palpable. Furthermore, "No such period of delay...shall be excludable...unless the court sets forth, in the record of the case,

14

either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial", see *Zedner* at 507 (2006) and §3161(h)(7)(A). There is nothing on Petitioner's docket but a six month old arrest warrant. In *Dezeler*, this Court felt compelled to dismiss an indictment under the Speedy Trial Act for a simple violation of only **one** day. In Mr. Efthimiatos's case, he has at least two separate Speedy Trial Act violations that amount to over 70 days each by any standard, along with violations of the Indictment and Arraignment rules of the Speedy Trial Act. Mr. Efthimiatos's arrest warrant **must be** dismissed due to the law under *Bloate*, *Tinklenberg*, and *Dezeler*, and it should be dismissed with prejudice. As the Second Circuit stated in *Giambrone*:

> "[I]nordinate delay between public charge and trial, ... wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *Id.* at 180-81.

39.    The STA violations in this case are *not* a close call. However, whether the period is 71 days, 100 days, or 30 days for the indictment, *any* STA violation requires dismissal of the arrest warrant. To determine whether to dismiss this case with or without prejudice, "the court shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a []prosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §3162(a)(1). The Supreme Court has further directed courts to consider the prejudice suffered by the defendant as a result of the delay. *See Taylor* at 334 ("[T]here is little doubt that Congress intended this factor to be relevant for a district court's consideration."); *accord United States v. Wilson*, 11 F.3d 346, 352 (2d Cir. 1993); *United States v. Kiszewski*, 877 F.2d 210, 213 (2d Cir. 1989).

40.    The punishment for flying without an Airman's Certificate, if that were even true, would likely have been for less time than Petitioner has already spent in detention in Vermont because of Judge Rose's orders to keep him locked up. The reasons for the delay rest squarely on the shoulders of the government. There is nothing to indicate that Defendant or his counsel played a part in holding up the process. Whether the BOP or even a court itself causes the delay, the outcome is effectively the same.    There is only one federal government, and its actions unfortunately affect prosecutors. Where the violation of the STA is attributable to the prosecution, or even the court, "the allowance of []prosecution of defendant[ ] for the charged offense[ ] would completely negate the beneficent purposes intended to be accomplished by the Act in insuring timely trial of defendants, especially those incarcerated pending trial as w[as] th[is] defendant[ ]." In consideration of the above, this case should be **dismissed with prejudice.** *See Dezeler* (one day), and *Huete-Sandoval*, where the indictment was dismissed for just one STA violation of only 16 days. This disregard of Mr. Efthimiatos's straightforward speedy trial rights reveals, at a minimum, a "truly neglectful attitude" on the part of the government that warrants dismissal with prejudice. "The responsibility for pursuing a prosecution lies entirely with the government." *United States v. Bufalino*, 683 F.2d 639, 646 (2d Cir. 1982). Where a defendant is detained on the government's request (or in this case by Judge Rose's request), its obligations under the Speedy Trial Act should be strictly enforced. It is plain that the government in Iowa as well as Vermont has deprioritized its responsibilities under the Act.  Dismissal with prejudice is necessary to ensure that the government solves this problem. "It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." *Taylor* at 342.

41.    The Government in Vermont says that it is following orders from the Government in Iowa and has argued that the delay has not resulted in actual prejudice to Petitioner. This ignores what the government has ignored all along: that Petitioner has been unlawfully detained for nine months in Vermont and is now being shipped through Brooklyn to Iowa like a lost FedEx package. When a defendant has been incarcerated for this long, whatever advantage the government might have derived by the lack of actual prejudice is outweighed by the *presumed* suffering and disruption that the delay and detention caused the defendant and the erosion of public confidence in the criminal justice process that such delay has caused. *See Giambrone* at 180-81 (indictment dismissed with prejudice for only 90 day violation because presumed prejudice to incarcerated defendant "weighs in favor of dismissal with prejudice").

## G. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the Petitioner herein, that my wife has read this petition on my behalf because I am being held in Brooklyn MDC Maximum Security awaiting transfer to the Southern District of Iowa, and that the information contained in this petition is true and correct to the best of my knowledge and belief.


Respectfully submitted

/s/ Angelo Efthimiatos
Angelo Efthimiatos
Incarcerated Inmate
Petitioner, *pro se*
by Nancy Dellamonte
3710 Route 30
Sudbury, VT  05733
914-274-1678

# EXHIBIT ONE

**FAA Report**

4/10/2018

 **Federal Aviation
Administration**

**U.S Department of Transportation
Federal Aviation Administration
Airman Details Report**

**Personal Information:**
**ANGELO PETER EFTHIMIATOS**

98 PEACH HILL RD
NORTH SALEM NY 10560-1324
County:  WESTCHESTER
Country: USA

**Medical Information:**
**Medical Class:** First  **Medical Date:** 5/2011
**BasicMed Course Date:** None  **BasicMed CMEC Date:** None

**Certificate Information:**
**Certificate:** AIRLINE TRANSPORT PILOT

**For further information, you may contact the Airmen Certification Branch at toll free (866) 878-2498.**

# EXHIBIT TWO

## Vermont Complaint

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Vermont

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR 10   AM 10: 23

CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Angelo Peter Efthimiatos | ) | Case No. |
| | ) | 2:18-mj-38 |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 9-10, 2018 _____ in the county of _____ Rutland _____ in the

_____ District of _____ Vermont _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 USC 46317 | knowingly and willfully serving in any capactiy as an airman operating an aircraft in air transportation without an airman's certificate authorizing him to serve in that capacity, to wit, serving as the pilot of a Piper Aircraft, tail number N4563F, without a certificating authorizing him to serve as the pilot of such plane. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DEA Special Agent Brandon Hope
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 04/10/2018 _____

_____
*Judge's signature*

City and state: _____ Burlington, Vermont _____

Hon. John M. Conroy, U.S. Magistrate Judge
*Printed name and title*

# EXHIBIT
# THREE

## Iowa Arrest Warrant

AO 442 (Rev. 11/11) Arrest Warrant

RECEIVED
USMS S/IOWA

# UNITED STATES DISTRICT COURT

for the

2018 APR 12 ℗ 1: 40

Southern District of Iowa

United States of America
          v.

)
)          Case No.   3:13-cr-00015
)
)
ANGELO PETER EFTHIMIATOS                    )
)

_Defendant_

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_     Angelo Peter Efthimiatos                                                      ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint
☐ Probation Violation Petition     ☑ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Supervised Release Violation (see petition).

Date:     04/12/2018                              Issued by U.S. District Judge Stephanie M. Rose
                                                              _Issuing officer's signature_

                                                              WARRANT ISSUED

City and state:     Davenport, Iowa
                                                              JOHN S. COURTER, Clerk

                                                              By: _Deborah W. Hughes_
                                                                        _DEPUTY CLERK_

                              **Return**

This warrant was received on _(date)_  4/12/18  , and the person was arrested on _(date)_  4/12/18
at _(city and state)_  Rutland, VT  .

Date:  4/12/18                              _____
                                                              _Arresting officer's signature_

                                                              SDUSM  Sean M. O'Neal
                                                              _Printed name and title_

# EXHIBIT FOUR

## Vermont Indictment

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR 26  PM 2: 52

CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 2:18-cr-49-1 |
| | ) | |
| v. | ) | |
| | ) | (49 U.S.C. § 46306) |
| ANGELO EFTHIMIATOS | ) | |

## INDICTMENT

The Grand Jury charges:

### COUNT 1

1. At all times relevant to the indictment:

   a. The Federal Aviation Administration ("FAA"), an agency of the United States Department of Transportation, was responsible for the safety of all persons occupying and operating domestic aircraft. This agency was further responsible for certifying and regulating the pilots of civil aircraft. The FAA discharged this responsibility by issuing regulations that, among other things, determine the qualifications of domestic pilots. Specifically in order to lawfully pilot a civil aircraft, an individual must obtain an FAA Pilot Certificate.

   b. On or about July 1, 2014, the FAA revoked ANGELO EFTHIMIATOS's pilot certificate, number 3212215. The revocation order advised ANGELO EFTHIMIATOS that no future application for an airman's certificate would be accepted by the FAA and that his certificate was revoked for life.

   c. Between in or about January 2018 and in or about March 2018, on at least four separate occasions, ANGELO ETHIMIATOS purchased fuel for aircraft in preparation for flight or after landing at the Rutland-Southern Vermont Regional Airport (RUT) in North

Clarendon, Vermont. The fuel purchases included purchases for a Piper aircraft with tail number N4563F.

        d.  In the Spring of 2018, N4563F made multiple trips of short duration, often traveling late at night between small airports like Newport State Airport in Rhode Island (UUU), Nantucket Airport in Nantucket, MA (ACK) and Rutland-Southern Vermont Regional Airport (RUT) after those airports had closed. ANGELO EFTHIMIATOS acted as a pilot for at least some of these trips.

        2.  Between on or about April 9, 2018 and on or about April 10, 2018, in the District of Vermont and elsewhere, the defendant ANGELO EFTHIMIATOS knowingly and willfully served in any capacity as an airman without an airman's certificate authorizing him to serve in that capacity, in that he piloted N4563F from Nantucket, MA (ACK) to North Clarendon, Vermont (RUT).

(49 U.S.C. §46306(b)(7))

A TRUE BILL

FOREPERSON

Christina Nolan by EAPC

CHRISTINA E. NOLAN (EAPC)
United States Attorney
Burlington, Vermont
April 26, 2018

2

# EXHIBIT
# FIVE

**Vermont Docket**

**2:18-cr-00049-cr All Defendants** USA v. Efthimiatos
Date filed: 04/26/2018
Date of last filing: 01/09/2019

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 🔳 | Filed & Entered:  04/10/2018 | 🌐 Complaint |
| 2 | Filed & Entered:  04/10/2018 Terminated:  04/10/2018 | 🌐 Motion for Detention |
| 3 | Filed:  04/10/2018 Entered:  04/11/2018 | 🌐 Financial Affidavit - CJA23 |
| 4 | Filed:  04/10/2018 Entered:  04/11/2018 | 🌐 Initial Appearance |
| 5 | Filed:  04/10/2018 Entered:  04/11/2018 | 🌐 Order Appointing Public Defender |
| 6 🔳 | Filed:  04/10/2018 Entered:  04/11/2018 | 🌐 Order of Detention |
| 7 | Filed & Entered:  04/11/2018 | 🌐 Notice of Hearing |
| 8 | Filed & Entered:  04/13/2018 | 🌐 Waiver of Preliminary Hearing |
| 9 | Filed & Entered:  04/23/2018 | 🌐 Notice of Appearance |
| 10 🔳 | Filed & Entered:  04/26/2018 | 🌐 Indictment |
| 11 🔳 | Filed & Entered:  04/27/2018 | 🌐 Notice of Hearing |
| 12 🔳 | Filed & Entered:  05/04/2018 | 🌐 Waiver of Presence at Arraignment |
| 13 | Filed & Entered:  05/04/2018 | 🌐 Arraignment |
| 14 🔳 | Filed & Entered:  05/04/2018 | 🌐 Criminal Pretrial Scheduling Order |
| 15 🔳 | Filed & Entered:  07/18/2018 | 🌐 Notice of Hearing |
| 16 🔳 | Filed & Entered:  07/27/2018 Terminated:  07/31/2018 | 🌐 Motion for Reconsideration |
| 17 🔳 | Filed & Entered:  07/30/2018 | 🌐 Response in Opposition to Motion |
| 18 | Filed & Entered:  07/31/2018 | 🌐 Pretrial Conference |
| 19 🔳 | Filed & Entered:  07/31/2018 | 🌐 Notice of Hearing |
| 20 🔳 | Filed & Entered:  08/07/2018 | 🌐 Order |
| 21 🔳 | Filed & Entered:  08/15/2018 Terminated:  08/17/2018 | 🌐 Motion to Continue |
| 22 | Filed & Entered:  08/17/2018 | 🌐 Order on Motion to Continue |
| 23 🔳 | Filed & Entered:  08/21/2018 Terminated:  09/04/2018 | 🌐 Motion to Withdraw as Attorney |
| 24 🔳 | Filed & Entered:  08/23/2018 | 🌐 Notice of Hearing on Motion |
| | Filed & Entered:  09/04/2018 | 🌐 CJA 20 - Appointment |
| | Filed & Entered:  09/04/2018 | 🌐 Add and Terminate Attorneys |
| 25 | Filed & Entered:  09/04/2018 | 🌐 Motion Hearing |
| 26 🔳 | Filed & Entered:  09/04/2018 | 🌐 Notice of Hearing |

| Doc | Status | Date | Description |
|---|---|---|---|
| 27 | Filed & Entered: | 09/13/2018 | Application for Search Warrant |
| 29 | Filed & Entered: | 09/14/2018 | Notice of Hearing |
| 30 | Filed & Entered: | 09/24/2018 | Notice of Docket Entry Correction - (ECF Admin Only) |
| 31 | Filed & Entered: | 09/26/2018 | Search and Seizure Warrant Returned Executed |
| 32 | Filed & Entered: | 10/03/2018 | Jury Selection |
| 33 | Filed & Entered: | 10/03/2018 | Jury Seating Arrangement |
| 34 | Filed & Entered: | 10/12/2018 | Transcript |
| 35 | Filed & Entered: | 10/17/2018 | Transcript |
| 36 | Filed & Entered: Terminated: | 10/17/2018 10/17/2018 | Motion to File Under Seal |
| 37 | Filed & Entered: | 10/17/2018 | Notice of Docket Entry Correction - (ECF Admin Only) |
| 38 | Filed & Entered: | 10/17/2018 | Order on Motion to File Under Seal |
| 39 | Filed & Entered: | 10/19/2018 | Redacted Transcript |
| 40 | Filed & Entered: | 10/19/2018 | Notice of Hearing |
|  | Filed & Entered: | 11/05/2018 | Add and Terminate Attorneys |
| 41 | Filed & Entered: | 11/14/2018 | Proposed Jury Instructions |
| 42 | Filed & Entered: Terminated: | 11/15/2018 11/19/2018 | Motion for Reconsideration |
| 43 | Filed & Entered: | 11/15/2018 | Response in Opposition to Motion |
| 44 | Filed & Entered: | 11/18/2018 | Proposed Jury Instructions |
|  | Filed & Entered: | 11/19/2018 | Receipt for Passport |
| 45 | Filed & Entered: | 11/19/2018 | Pretrial Conference |
| 46 | Filed & Entered: | 11/19/2018 | Order Setting Conditions of Release |
| 47 | Filed & Entered: Terminated: | 11/20/2018 11/21/2018 | Motion for Reconsideration |
| 48 | Filed & Entered: | 11/20/2018 | Notice of Hearing on Motion |
| 49 | Filed & Entered: Terminated: | 11/20/2018 11/29/2018 | Motion in Limine |
| 50 | Filed & Entered: | 11/21/2018 | Notice of Hearing on Motion |
| 51 | Filed & Entered: | 11/21/2018 | Motion Hearing |
| 52 | Filed & Entered: | 11/21/2018 | Order of Detention |
| 53 | Filed & Entered: Terminated: | 11/21/2018 11/30/2018 | Motion to Dismiss/Speedy Trial |
| 54 | Filed & Entered: Terminated: | 11/21/2018 12/04/2018 | Motion in Limine |
| 55 | Filed & Entered: Terminated: | 11/21/2018 11/29/2018 | Motion in Limine |
| 56 | Filed & Entered: | 11/26/2018 | Notice of Hearing on Motion |
| 57 | Filed & Entered: | 11/28/2018 | Response in Opposition to Motion |
| 58 | Filed & Entered: | 11/28/2018 | Response in Opposition to Motion |
| 59 | Filed & Entered: | 11/28/2018 | Response in Opposition to Motion |
| 60 | Filed & Entered: | 11/29/2018 | Notice of Docket Entry Correction - (ECF Admin Only) |
| 61 | Filed & Entered: | 11/29/2018 | Response in Opposition to Motion |

| 63 | *Filed:*<br>*Entered:* | 11/29/2018<br>11/30/2018 | 🌐 Motion Hearing |
|---|---|---|---|
| 62 | *Filed & Entered:* | 11/30/2018 | 🌐 Order |
| <u>64</u> | *Filed & Entered:* | 12/03/2018 | 🌐 SEALED EVENT (Sealed - No NEF) |
| <u>65</u> 🔳 | *Filed & Entered:* | 12/03/2018 | 🌐 SEALED EVENT (Sealed - No NEF) |
| <u>66</u> 🔳 | *Filed & Entered:* | 12/03/2018 | 🌐 Order |
| <u>67</u> 🔳 | *Filed & Entered:* | 12/04/2018 | 🌐 Notice of Hearing |
| <u>68</u> 🔳 | *Filed & Entered:* | 12/04/2018 | 🌐 Order |
| 69 | *Filed & Entered:* | 12/04/2018 | 🌐 Telephone Conference |
| 70 | *Filed:*<br>*Entered:* | 12/05/2018<br>12/06/2018 | 🌐 Jury Trial |
| <u>71</u> | *Filed & Entered:* | 12/06/2018 | 🌐 Jury Charge |
| 72 | *Filed & Entered:* | 12/06/2018 | 🌐 Jury Trial |
| <u>73</u> | *Filed & Entered:* | 12/06/2018 | 🌐 Jury Verdict |
| <u>74</u> | *Filed & Entered:* | 12/06/2018 | 🌐 Jury Notes |
| <u>75</u> | *Filed & Entered:* | 12/06/2018 | 🌐 Jury Notes |
| <u>76</u> | *Filed & Entered:* | 12/06/2018 | 🌐 Exhibit List |
| <u>77</u> | *Filed & Entered:* | 12/06/2018 | 🌐 Exhibit List |
| <u>78</u> | *Filed & Entered:* | 12/06/2018 | 🌐 Exhibit List |
|  | *Filed & Entered:* | 12/11/2018 | 🌐 Document Unsealed |
| <u>79</u> | *Filed & Entered:* | 12/12/2018 | 🌐 Notice of Hearing |
| <u>80</u> 🔳 | *Filed & Entered:*<br>*Terminated:* | 12/19/2018<br>12/19/2018 | 🌐 Motion to Continue |
| 81 | *Filed & Entered:* | 12/19/2018 | 🌐 Order on Motion to Continue |
| <u>82</u> 🔳 | *Filed & Entered:*<br>*Terminated:* | 12/19/2018<br>12/27/2018 | 🌐 Motion for Reconsideration |
| 83 | *Filed & Entered:* | 12/27/2018 | 🌐 Order on Motion for Reconsideration |
| <u>84</u> 🔳 | *Filed & Entered:*<br>*Terminated:* | 12/28/2018<br>01/02/2019 | 🌐 Motion to Extend Time |
| 85 | *Filed & Entered:* | 01/02/2019 | 🌐 Order on Motion to Extend Time |
| <u>86</u> | *Filed & Entered:* | 01/09/2019 | 🌐 Notice of Hearing |
| <u>87</u> | *Filed & Entered:* | 01/09/2019 | 🌐 Procedural and Scheduling Order |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/09/2019 15:44:08 | | | |
| **PACER Login:** | dancarpenter:4066878:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:18-cr-00049-cr |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT SIX

**Iowa Docket**

**3:13-cr-00015-SMR-HCA-1** USA v. Efthimiatos et al
**Date filed:** 03/19/2013
**Date terminated:** 06/19/2014
**Date of last filing:** 01/07/2019

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | *Filed & Entered:* | 02/20/2013 | Add and Terminate Judges |
| | *Filed & Entered:* | 02/20/2013 | Case Unsealed |
| | *Filed & Entered:* | 02/20/2013 | Arrest. |
| 1 | *Filed & Entered:* | 02/20/2013 | Complaint |
| 2 | *Filed & Entered:* | 02/20/2013 | Initial Appearance |
| 3 | *Filed & Entered:* *Terminated:* | 02/20/2013 02/25/2013 | Motion for Detention |
| 4 | *Filed & Entered:* | 02/20/2013 | Order of Detention |
| 5 | *Filed & Entered:* | 02/22/2013 | Order |
| 6 | *Filed & Entered:* | 02/25/2013 | Preliminary Hearing |
| 7 | *Filed & Entered:* | 02/25/2013 | Detention Hearing |
| 8 | *Filed & Entered:* | 02/25/2013 | Order on Motion for Detention |
| 9 | *Filed & Entered:* | 02/25/2013 | Exhibit List |
| | *Filed & Entered:* | 03/21/2013 | Case Unsealed |
| | *Filed & Entered:* | 03/21/2013 | Add and Terminate Judges |
| 11 | *Filed & Entered:* | 03/21/2013 | Indictment (Sealed) |
| 12 | *Filed & Entered:* | 03/21/2013 | Redacted Document. |
| 13 | *Filed & Entered:* | 03/21/2013 | Grand Jury Presentment |
| 14 | *Filed & Entered:* | 03/29/2013 | Arraignment |
| 15 | *Filed &* | 03/29/2013 | Order Setting Trial |

| | Entered: | | Clerk to USCA |
|---|---|---|---|
| 275 | Filed & Entered: | 03/01/2016 | Exhibits Withdrawal Letter |
| 276 | Filed & Entered: | 03/01/2016 | Exhibits Withdrawal Letter |
| 277 | Filed & Entered: | 03/10/2016 | Exhibits Returned to Counsel |
| 278 | Filed & Entered: | 03/10/2016 | Exhibits Returned to Counsel |
| 287 | Filed & Entered: | 12/07/2017 | Order on Status Report |
| 288 | Filed & Entered: | 12/07/2017 | Summons Issued |
| | Filed & Entered: | 12/27/2017 | CJA Attorney Appointment |
| 289 | Filed & Entered: | 01/03/2018 | Summons Returned Executed |
| 290 | Filed & Entered: | 01/17/2018 | Initial Appearance - Violation Proceedings |
| 291 | Filed & Entered: | 01/17/2018 | Status Conference |
| 292 | Filed: Entered: | 01/17/2018 01/19/2018 | CJA23 - Financial Affidavit. |
| 293 | Filed: Entered: | 01/17/2018 01/19/2018 | Order Appointing Public Defender or CJA Panel Attorney |
| 296 | Filed: Entered: | 01/19/2018 01/20/2018 | Order |
| 294 | Filed & Entered: | 01/20/2018 | Exhibit List |
| 295 | Filed & Entered: | 01/20/2018 | Exhibits Returned to Counsel |
| 298 | Filed & Entered: | 04/12/2018 | Motion for Revocation of Supervised Release |
| 299 | Filed & Entered: | 04/12/2018 | Order on Motion for Warrant |
| 303 | Filed: Entered: | 10/15/2018 10/22/2018 | Notice (Other) |
| 302 | Filed & Entered: | 10/16/2018 | Transcript |
| 304 | Filed & Entered: | 10/22/2018 | Notice (Other) |
| 305 | Filed & Entered: | 10/22/2018 | Notice (Other) |
| | Filed: Entered: | 11/19/2018 11/20/2018 | Arrest - Other District |
| 311 | Filed: Entered: | 12/12/2018 12/13/2018 | Motion for Miscellaneous Relief |

| 312 | Filed & Entered: | 12/21/2018 | Rule 5(c)(3) Documents Received. |
|---|---|---|---|
| 313 | Filed & Entered: | 01/07/2019 | Motion to Dismiss |
| 314 | Filed & Entered: | 01/07/2019 | Motion for Miscellaneous Relief |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/09/2019 14:46:28 | | | |
| PACER Login: | dancarpenter:4066878:0 | Client Code: | |
| Description: | History/Documents | Search Criteria: | 3:13-cr-00015-SMR-HCA |
| Billable Pages: | 5 | Cost: | 0.50 |