UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Angelo Efthimiatos,

      Petitioner,

      v.                            Civil Action No. 2:19-cv-43-cr-jmc

United States of America,

      Respondent.

**<u>REPORT AND RECOMMENDATION</u>**
(Doc. 1)

Presently before this court is Angelo Efthimiatos's *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241, which Efthimiatos filed on January 15, 2019, in the United States District Court for the Eastern District of New York.  (Doc. 1.) Given that Efthimiatos partially seeks habeas relief based on his allegation that he was wrongly convicted in the District of Vermont, his petition for habeas relief was transferred to this court.  (Doc. 7.)  For the reasons set forth below, I recommend that the court DENY his petition for habeas relief.

**<u>Analysis</u>**

Efthimiatos was arrested by federal authorities in Vermont on April 10, 2018, and charged with the commission of a criminal aviation offense under Title 49 of the United States Code.  *United States v. Efthimiatos*, Crim. No. 2:18-cr-49-cr, Docs. 1, 6 (D. Vt.).  Efthimiatos was detained pending trial.  *Id*.  At the time of Efthimiatos's arrest in Vermont, he was serving a term of supervised release having been

previously convicted in the Southern District of Iowa for violating 21 U.S.C. §§ 841, 846. *United States v. Efthimiatos*, Crim. No. 3:13-cr-00015-SMR-SBJ-1, Doc. 299 (S.D. Iowa). Accordingly, on April 12, 2018, the United States District Court for the Southern District of Iowa issued an arrest warrant based on the allegation that Efthimiatos's Vermont arrest violated the terms of his supervised release. *Id.* The revocation proceedings in Iowa remained pending while Efthimiatos was tried in this court.

On December 6, 2018, a jury in this district found Efthimiatos guilty of serving as an airman by operating an aircraft without an airman's certificate in violation of 49 U.S.C. § 46306(b)(7). *United States v. Efthimiatos*, Crim. No. 2:18-cr-49-cr, Docs. 10, 73 (D. Vt.). After he was convicted, Efthimiatos's trial counsel requested that this court delay sentencing so that Efthimiatos could appear in the Southern District of Iowa to address the allegations that Efthimiatos had violated the terms of his supervised release. *United States v. Efthimiatos*, Crim. No. 2:18-cr-49-cr, Doc. 80 (D. Vt.); *see also United States v. Efthimiatos*, Crim. No. 2:18-cr-136-cr, Doc. 1-1 (D. Vt.). This court granted Efthimiatos's request.

While en route to the Southern District of Iowa, Efthimiatos was briefly detained in the Metropolitan Detention Center in Brooklyn, New York. (Doc. 1 at 1.) It was there that he filed the habeas motion presently before the court.[1] (Docs. 1, 7.)

---

[1] It also appears that, on January 16, 2019, Efthimiatos filed a nearly identical petition for habeas relief with the Southern District of Iowa seeking to secure his "immediate release from USP Leavenworth and/or detention in Iowa." (*See generally United States v. Efthimiatos*, Civil No. 4:19-cv-00018-SMR, Doc. 1 at 1 (S.D. Iowa).)

On January 25, 2019, with assigned counsel, Efthimiatos made his initial appearance in the Southern District of Iowa. *United States v. Efthimiatos*, Crim. No. 3:13-cr-00015-SMR-SBJ-1, Doc. 318 (S.D. Iowa). On February 27, 2019, Efthimiatos admitted guilt to violating his conditions of release and the Southern District of Iowa sentenced him to 18 months in prison, with credit for time served. *Id.* Doc. 333.

After the revocation proceedings, Efthimiatos was remanded to the custody of the United States Marshal's Service. *Id.* The United States Marshal's Service has informed the undersigned that Efthimiatos is presently in transit, traveling back to the District of Vermont for the sentencing proceedings in his criminal case. He is expected in the district shortly, according to the Marshal's Service.

In his § 2241 petition presently before this court, Efthimiatos alleges that his conviction in Vermont and the arrest warrant issued in Iowa violated his constitutional rights. (Doc. 1 at 7–8, ¶ 25.) Specifically, Efthimiatos asserts that he was unlawfully searched and seized without a warrant in Vermont in violation of the Fourth Amendment; that he was deprived of his liberty without Due Process in violation of the Fifth Amendment; that he was denied a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment; and that he was denied bail in violation of the Eighth Amendment. (*Id.* at 2, ¶ 9.) Because Efthimiatos is proceeding *pro se*, his petition "must be held to less stringent standards than formal pleadings drafted by lawyers." *Rodriguez v. United States*, 206 F. Supp. 3d 862, 864 (S.D.N.Y. 2016) (internal quotation marks omitted); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (observing Court must

3

construe *pro se* submissions "liberally and interpret them to raise the strongest arguments that they suggest" (internal quotation marks omitted)).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law."  *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 96 (2d Cir. 1983)).

As an initial matter, 28 U.S.C. § 2241 is not the proper vehicle for Efthimiatos to advance his claims because Efthimiatos does not attack the execution of his sentence.[2]  *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A challenge to the execution of a sentence, however, is properly filed pursuant to Section 2241." (emphasis omitted)).  "[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255, with § 2241 petitions generally reserved for challenges to the execution of a federal prisoner's sentence."[3]  *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (emphasis and internal quotation marks omitted).  Here, because Efthimiatos asserts

---

[2]  Nor does Efthimiatos challenge the terms or conditions of his confinement under 42 U.S.C. § 1983.  The objections that Efthimiatos raises with respect to his confinement are limited to a challenge to the length of his pretrial confinement in Vermont and a request to enjoin his transfer from the Metropolitan Detention Center to the Southern District of Iowa.  (See Doc. 1 at 2, ¶¶ 7–8; *id.* at 10–14, ¶¶ 31–36.)  However, both of these issues are now moot in light of Efthimiatos's conviction in Vermont and subsequent transfer—at his request—to the Southern District of Iowa, where he admitted to violating the terms of his supervised release.  *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) (observing that since the petitioner "is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted" (emphasis omitted)).

[3]  The only exception to the general rule that a federal prisoner must use § 2255 instead of § 2241 when challenging the legality of a conviction or sentence is when "it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  A remedy is "inadequate or ineffective" where "the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions."  *Cephas*, 328 F.3d at 104 (internal quotation marks omitted).  Neither circumstances is present here.  Nothing suggests that Efthimiatos will be prevented from utilizing § 2255; instead, as discussed below, it is procedurally premature for Efthimiatos to file a § 2255 motion.

that his conviction violated the Constitution and laws of the United States—specifically, the Fourth Amendment, the Due Process Clause, the Fifth Amendment, the Speedy Trial Act, and the Sixth Amendment—his claims squarely challenge the legality of his conviction under 28 U.S.C. § 2255(a). Accordingly, a § 2255 motion would generally be the proper method to present his claims.

Here, however, a § 2255 motion is premature. A § 2255 motion can only be brought by "[a] prisoner in custody under sentence of a court." 28 U.S.C. § 2255(a). As discussed above, Efthimiatos has not been sentenced, nor has judgment been entered in the District of Vermont. In fact, post-trial motions remain outstanding. Because Efthimiatos has not been sentenced, he cannot bring a motion under § 2255. *Zuniga v. Sposato*, No. 11-CV-1045 (JFB), 2011 WL 1336396 (E.D.N.Y. April 7, 2011) (dismissing § 2255 motion where defendant had not been sentenced). Further, even if Efthimiatos had been sentenced, his § 2255 petition is premature because he has not exhausted his statutory right to directly appeal his conviction. *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010) ("[H]abeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature.") Finally, given that Efthimiatos has not directly appealed his conviction, he has also failed to adequately allege that he exhausted his claims on direct appeal. Courts will not entertain a § 2255 motion if the movant did not raise the claim on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982); *United States v. Thorn*, 659 F.3d 227, 234 (2d Cir. 2011). As a result, even if this court construed Efthimiatos's 28 U.S.C.

§ 2241 petition as a motion brought pursuant to 28 U.S.C. § 2255, such a motion would be premature.

## Conclusion

For the reasons set forth above, I recommend that the court DENY Efthimiatos's 28 U.S.C. § 2241 petition. (Doc. 1.) With respect to any claim that Efthimiatos raises under 28 U.S.C. § 2255, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rules Governing Section 2255 Motions, Rule 4(b). Accordingly, to the extent that Efthimiatos brings a motion under 28 U.S.C. § 2255, I recommend that the motion be DISMISSED based on the reasons set forth above.

The Clerk of Court shall forward a copy of this Report and Recommendation to Craig S. Nolan, Esq., counsel for Mr. Efthimiatos in the pending criminal case, and the Office of the United States Attorney.

Dated at Burlington, in the District of Vermont, this 22nd day of March 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).